NANCY E. WATERS v. HENRY C. BOYD AND IDA EVERETT.

(Filed 18 February, 1920.)

**1. Controversy Without Action—Statutes—Affidavits—Actions.**

It is required that the statute permitting the submission of a controversy without action state in the affidavit that "the controversy is real and the proceedings in good faith to determine the rights of the parties," and this statute being strictly construed, the statement that the controversy is genuine and submitted to determine the rights of the parties, is fatally insufficient.

**2. Appeal and Error—In Forma Pauperis—Affidavit—Good Faith.**

An appeal *in forma pauperis* to the supreme court may be dismissed when there is no averment in the affidavit that it was taken "in good faith."

**3. Controversy Without Action—Affidavit—Cause of Action—Parties— Moot Questions—Actions.**

Where the facts agreed in a controversy without action show no cause of action, an appeal from a judgment thereon will be dismissed in the supreme court, as where the plaintiff claims title under a deed, avers that her purchaser was prevented from accepting her deed by the claims of the defendants, without allegation of the facts and circumstances or setting forth sufficiently the terms of the deeds, or making her purchaser and other necessary parties, parties to her action, thus presenting a moot question which the court will not decide.

**4. Controversy Without Action — Affidavits — Defects— Court— Amendments—Actions.**

The submission of a controversy without action is a consent proceeding, and the court cannot therein direct additional necessary parties, or statement of facts to be made *in invitum*, to cure the defect.

APPEAL by plaintiff from *Bond, J.,* at September Term, 1919, of BEAUFORT.

*J. D. Paul for plaintiff.*
*No counsel for defendants.*

CLARK, C. J.   This is an action submitted without controversy under Rev., 803.   This statute must be strictly construed, *Arnold v. Porter,* 119 N. C., 123; *Grandy v. Gulley,* 120 N. C., 177.   It requires that the affidavit must set out that "The controversy is real and the proceedings in good faith to determine the rights of the parties."   The affidavit in this case merely sets out that "The controversy between them is genuine, and is submitted to the court to determine the rights of the parties." This is not a compliance with the statute.   In like manner, the absence of the words "in good faith" on an appeal *in forma pauperis* in a criminal case is fatal, Rev., 3278; *S. v. Bramble,* 121 N. C., 603.   See Anno. Ed.   And the failure to follow the statute in civil cases is also ground for dismissal, *Honeycutt v. Watkins,* 151 N. C., 653.

Furthermore, the facts agreed show no cause of action stated against the defendants, and on that ground also it must be dismissed. The facts agreed set out the following: "In the caption and granting clause in said deed, where any reference is made to the grantee, the name Nancy Elizabeth Waters is given, and no other, except in the last clause of the deed these words are used: 'We warrant this title to Nancy Elizabeth Waters, to her and her children and executors and administrators and assigns forever.' The plaintiff paid the consideration recited in the deed, and contends that she owns the land in fee simple, and that the deed on its face shows that it was intended that she should take a fee-simple title. The defendants, who were her only children at the time the deed was given, contend that they are tenants in common with the plaintiffs, and rely upon the last clause in the deed above set out."

It is further agreed that "the plaintiff made a sale of the land described above, but because of the contention of the defendants the purchaser declines to accept her deed. If the court should be of the opinion that the plaintiff is owner in fee simple of said land, the plaintiff will be able to make the sale according to her agreement and contract, otherwise she will not."

The name of the purchaser and the terms of the sale are not set out, nor is the purchaser made a party to this action, and hence any judgment herein would not be binding upon him. Neither are the other children referred to as having been born since the date of the deed parties, and the judgment would not be binding on them.

It is agreed that the deed was dated 5 November 1866 (prior to the Act of 1879), but there is no agreement or allegation as to the date of its execution, nor whether the deed was made to the plaintiff and her heirs, or simply to the plaintiff.

Whether the fee passed out of the grantor to Nancy E. Waters at all depends upon the exact wording of the deed, and whether if she took only a life estate (which is nowhere alleged) the language in the warranty can be construed as a conveyance of the remainder to the two children are matters which cannot be adjudicated unless the deed was before the Court, nor in the absence, as parties to this action, of the heirs of the grantor in the deed to her.

There is such a defect of parties, and of allegations, and in the affidavit of submission, that the judgment in any aspect is erroneous, and must be set aside. Being a consent proceedings, the court could not have directed additional parties or statement of facts to be made *in invitum* to cure the defect.

On the record this is simply a moot question on which the opinion of the court is asked, but on such it will not render its decision. *Bates v. Lilly,* 65 N. C., 232; *Millikan v. Fox,* 84 N. C., 107.

Action dismissed.