### WILLIAM J. WAGONER v. B. B. SAINTSING.

(Filed 8 November, 1922.)

**Appeal and Error—Case Agreed—Parties—Consent—Procedure.**

> Where all of the proper or necessary parties having an interest in the lands sought to be conveyed by a deed, the sufficiency of which is attacked in a case agreed, are not parties to the action or the agreement, but the Superior Court judge has rendered judgment, from which an appeal has been taken, the case on appeal may be retained in the Supreme Court for a reasonable time, or remanded, as the parties may elect, to afford those who have not consented an opportunity to consent to the facts as at present presented, or to change or modify them as they may all agree, or take such steps for the complete determination of the case as may be in accordance with the law and the course and practice of the court.

APPEAL by defendant from *Harding, J.,* at July Term, 1922, of DAVIDSON.

*Raper & Raper for plaintiff.*
*J. R. McCrary for defendant.*

WALKER, J. This is a controversy without action, submitted to the Superior Court upon facts to which the parties have agreed. It comes here for the purpose of determining whether the plaintiff can make a good and indefeasible title to the defendant for the land described in the submission, and this involves a construction of the will of Jacob Wagoner, deceased. But the living daughters of Jacob Wagoner, and the heirs of such as have died, are necessary, or, at least, proper parties to the controversy in order to a complete determination of the question raised.

The matter as now presented is not substantially unlike that upon which the case of *Brinson v. McCotter,* 181 N. C., 482, was decided, and in which this Court ordered certain parties to be brought in. That was a case stated on agreed facts, and the order of this Court was as follows: "This is an action to settle the title to a tract of land, submitted upon an agreed statement of facts, and it appearing that there cannot be a complete determination of the rights of the parties in the absence of the heirs of Ellis H. Pickles, it is ordered that the cause be remanded to the Superior Court in order that the said heirs be made parties to this action with the right to plead."

We do not pursue that course entirely nor do we compel the persons we have designated as proper or necessary parties to be brought in against their will (*in invitum*), but merely afford them the opportunity of coming in by consent and joining in the submission of the controversy upon the facts as they are now stated, or if the parties and inter-

ested persons are so advised and agree, upon a new state of facts, or such facts additional to those already agreed upon, as may meet with the consent of the parties, the case may be submitted to the judge again, if found to be necessary, and the parties so agree, for his decision, or such other and further proceedings may be had as may be in accordance with the law and the course and practice of the court.

Upon a somewhat similar question, the Court said, in *Waters v. Boyd,* 179 N. C., 180-181: "Whether the fee passed out of the grantor to Nancy E. Waters at. all depends upon the exact wording of the deed, and whether, if she took only a life estate (which is nowhere alleged), the language in the warranty can be construed as a conveyance of the remainder to the two children are matters which cannot be adjudicated unless the deed was before the court nor, *in the absence, as parties to this action,* of the heirs of the grantor in the deed to her. There is such a defect of parties and of allegations, and in the affidavit of submission, that the judgment in any aspect is erroneous, and must be set aside. Being a consent proceedings, the court could not have directed additional parties or statement of facts to be made *in invitum* to cure the defect. On the record, this is simply a moot question on which the opinion of the Court is asked, but on such it will not render its decision," citing *Bates v. Lilly,* 65 N. C., 232; *Millikan v. Fox,* 84 N. C., 107.

The case will be remanded, but if it is so agreed, and is found to be feasible, the new parties may be added and the necessary amendments to the case may be made in this Court, and for this purpose the case may be retained here for a reasonable time, or remanded, as the parties may elect.

Remanded.