D. E. THOMAS, JR., v. T. J. REAVIS.

(Filed 7 November, 1928.)

**Appeal and Error—Determination and Disposition of Cause—Remand for Necessary Parties—Judgments.**

> When the parties to the litigation agree upon the facts and waive a jury trial, their agreement cannot affect others who have a legal right in the judgment to be rendered, and where the lower court has rendered judgment upon the agreed facts without the joinder of such other parties the cause will be remanded to be proceeded with according to law.

APPEAL by defendant from *Shaw, J.,* at October Term, 1928, of GUILFORD.

Civil action for specific performance.

Plaintiff, being in duty bound to convey certain lands to the defendant, executed and tendered deed therefor and demanded payment of the price bid or offered at a sale of the property. The defendant declined to accept the deed and refused to make payment, claiming that the title offered is defective.

Upon the facts appearing of record, the court, being of opinion that the deed tendered was sufficient to convey a good title, gave judgment for the plaintiff, from which the defendant appeals, assigning errors.

*Hobgood, Alderman & Vinson and Broadhurst & Robinson for plaintiff.*

*Hines, Kelly & Boren for defendant.*

STACY, C. J. This is not a controversy without action submitted on an agreed statement of facts for the determination of a question in difference between the parties, as authorized by C. S., 626, but it is a suit to compel specific performance of defendant's bid for a tract of land, made at a sale thereof, and to recover the amount so offered or bid. Certain facts having been agreed upon by the parties, a jury trial was waived

and the matter submitted to the court for its decision, on the facts agreed, as to the validity of the title offered by the plaintiff.

While disposed to agree with the learned trial judge in his view of the law, assuming the facts to be as they now appear, yet we think it necessary that the heirs of D. E. Thomas, Sr., other than plaintiff, whose alleged interests are sought to be foreclosed, be made parties to the present proceeding and that they also agree to said facts, or that the issues be submitted to a jury, before the title offered can be said to be free and clear of any and all claims which they may have. Judgments are binding on parties and their privies as to all issuable matters contained in the pleadings, but they are not binding on strangers to the proceeding or those who have had no opportunity to be heard. *Winborn v. Gorrell,* 38 N. C., 117; *Skinner v. Moore,* 19 N. C., 138; 15 R. C. L., 1005, *et seq.*

Until the facts are agreed to by all the parties interested in the controversy, or established in a proceeding to which they are all parties, we refrain from a discussion of the facts now appearing of record.

Let the cause be remanded, to the end that further proceedings may be had as the law directs and the rights of the parties require.

Error and remanded.