CONSOLIDATED REALTY CORPORATION v. E. S. KOON.

(Filed 11 October, 1939.)

**1. Controversy Without Action § 2—**

In the submission of a controversy without action the statement of facts agreed should include only pertinent facts upon which the parties are in agreement, and evidence from which other facts may be found has no place therein, and since the procedure is statutory, compliance with the provisions of the statute is necessary and the statute must be strictly construed, C. S., 626.

**2. Controversy Without Action § 4—**

In hearing a case submitted under a statement of facts agreed, the court is restricted to the facts therein presented and it may not hear evidence and find additional facts, although if the facts agreed are insufficient the court has discretionary power to permit amendments concurred in by the parties.

**3. Same—**

Where persons having an interest in the subject matter of a controversy without action are not parties thereto, they may be afforded opportunity to come in by consent and join in the submission upon the facts agreed, or upon a new statement of facts, or upon additional facts agreed to by all the parties, in order that the entire controversy may be finally adjudicated, but additional parties cannot be compelled to come in against their will.

APPEAL by defendant from *Pless, J.,* in Chambers in Asheville, 16 June, 1939, of BUNCOMBE.

This is a controversy without action under C. S., 626.

The case was here on former appeal and remanded to the end that the court below make disposition of the case in accordance with the opinion then rendered.    215 N. C., 459.

The record as constituted on this appeal contains affidavits of parties, statement of facts supported by exhibits, affidavits and admissions of counsel, *findings of fact by the judge,* and judgment.    The case comes here for the purpose of determining whether the plaintiff can "make a valid fee simple title" to the defendant for the land in controversy.

In the statement of agreed facts it is stipulated: "That the court shall find the facts from the agreed statement of facts and the exhibits thereto attached, and such other evidence as is heard by the court, and that the findings of fact by the court shall be binding on all parties hereto."

It further appears that the case was reheard by the judge below upon "the agreed statement of facts, exhibits, and affidavits thereto attached, and admissions of counsel," from which the court finds facts touching the whole controversy, in part as set forth in the statement of agreed facts, and in part from evidence before it.    It also appears that from facts found from evidence before it the court concludes that certain named persons, who are *not* parties to the action, are estopped to challenge the validity of a deed in controversy.

Upon the findings of fact the court, being of opinion that the plaintiff is the owner in fee of the land in controversy, and can convey such title to the defendant, rendered judgment for specific performance of the contract of sale and purchase between the parties.

Defendant appeals to the Supreme Court and assigns error.

*Daniel M. Hodges for plaintiff, appellee.*
*Reed Kitchin for defendant, appellant.*

WINBORNE, J.   Upon this record the judgment below cannot be sustained.

The statute, C. S., 626, provides that: "The parties to the question in difference which might be the subject of civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought."    It further provides that: "The judge shall hear and determine *the case,* and render judgment *thereon* as if an action were pending."

The purpose of the statute is to dispense with the formalities of a summons, complaint and answer, and to permit the case to be submitted to the court on statement of agreed facts.    *McKethan v. Ray,* 71 N. C., 165.

The statute must be strictly construed. *Waters v. Boyd*, 179 N. C., 180, 102 S. E., 196. And, in submitting a case under it, the procedure, being statutory, must be complied with to render the judgment valid. McIntosh P. & P., 556. Only facts pertinent to the controversy and with respect to which the parties are in agreement have a place in the case. Evidence from which other facts may be found has no place there.

The case is to be heard only upon the facts presented and the court cannot go outside of the statement of facts. McIntosh P. & P., 556. *McKethan v. Ray, supra; Overman v. Sims,* 96 N. C., 451, 2 S. E., 372; *Waters v. Boyd, supra; Wagoner v. Saintsing,* 184 N. C., 362, 114 S. E., 313; *Realty Corp. v. Koon,* 215 N. C., 459, 2 S. E. (2d), 360.

However, as stated by *Barnhill, J.,* in the opinion on the former appeal in this case, "if the facts are insufficient to support a judgment the court has the discretionary power to permit amendments thereto which are concurred in by the parties."

All persons having an interest in the controversy must be parties, to the end that they may be concluded by the judgment, and the controversy be finally adjudicated as in the case of an action instituted in the usual way. *McKethan v. Ray, supra.* But, being a consent proceeding, additional parties cannot be compelled to come in against their will. *Waters v. Boyd, supra; Wagoner v. Saintsing, supra.*

In the latter case *Walker, J.,* said: "Nor do we compel the persons we have designated as proper or necessary parties to be brought in against their will (*in invitum*), but merely afford them the opportunity of coming in by consent and joining in the submission of the controversy upon the facts as they are now stated, or if the parties and interested persons are so advised and agree, upon a new state of facts, or such facts additional to those already agreed upon, as may meet with the consent of the parties, the case may be submitted to the judge again, if found to be necessary, and the parties so agree, for his decision, or such other and further proceedings may be had as may be in accordance with the law and the course and practice of the court."

In accordance with these principles, the court below is without authority to find facts. The judgment there rendered is set aside, and the case is remanded for further proceeding.

Remanded.