M. L. PEEL v. MAURICE S. MOORE.

(Filed 26 September, 1956.)

**1. Controversy Without Action § 1—**

The sufficiency of a deed to convey title can be adjudicated by the submission of a controversy without action under G.S. 1-250.

**2. Judgments § 29—**

A judgment cannot be binding upon persons who are strangers to the action and who are given no opportunity to be heard.

**3. Appeal and Error § 55—Cause remanded for necessary parties.**

It was stipulated that intestate left as his only next of kin first cousins of the blood of his mother and first cousins of the blood of his father. The controversy devolved upon whether all the first cousins of deceased inherited from him or whether only first cousins of the blood of his mother did so. Only one cousin on the side of his father and one cousin on the side of his mother were parties. *Held:* All the first cousins of the deceased are necessary parties to a complete determination of the action, and therefore the cause is remanded in order that all necessary parties join in the submission of the controversy, or if all of them cannot agree upon the facts, that a civil action be instituted to which all are made parties.

JOHNSON, J., not sitting.

APPEAL by defendant from *Paul, J.,* July Term 1956 of MARTIN.

Controversy without action to determine the sufficiency of a deed to convey title, submitted to the Court under G.S. 1-250, for its decision and judgment.

On 1 February 1914 Emma V. Stallings, a widow, died intestate seized and possessed of six tracts of land, and of a three-fifths undivided interest in a seventh tract of land known as the Ball Gray Farm containing about 1200 or 1500 acres—the acreage is stated both ways in the Record. W. Herbert Stallings and Alton Stallings were her only children and sole heirs at law.

In the Fall of 1914 W. Herbert Stallings executed and delivered a deed of trust, which was properly recorded, upon all the interests in the lands he had inherited from his mother to secure his note for $12,000.00 held by the Bank of Martin County. On 19 April 1916 this deed of trust was foreclosed, and a trustee's deed made to the Bank of Martin County conveying to it all W. Herbert Stallings' interests in the lands inherited by him from his mother: this included his three-tenths undivided interest in the Ball Gray Farm. The trustee's deed was properly recorded.

On 1 September 1915 Alton Stallings was duly adjudicated incompetent from want of understanding to manage his own affairs, and the Clerk of the Superior Court of Martin County appointed J. G. Godard

as guardian for him.  On 18 May 1916 J. G. Godard, as guardian for him, instituted a special proceeding before the Clerk of the Superior Court by virtue of G.S. 33-31 requesting authority by petition properly verified to sell and convey by deed to the Bank of Martin County all the interests in the lands inherited by his ward from his mother except his three-tenths undivided interest in the Ball Gray Farm for and in exchange and in consideration of the Bank of Martin County executing and delivering to his ward, Alton Stallings, a deed for its three-tenths undivided interest in the Ball Gray Farm.  On 20 May 1916 the Clerk of the Superior Court entered a decree that a sale and conveyance and exchange be made by the guardian as requested in his petition, which order was duly confirmed by the Resident Judge of the district.  Pursuant to the order in the special proceeding the Bank of Martin County on 30 May 1916, for and in consideration of the sum of ten dollars, and in accordance with the terms and conditions set forth in the order, sold and conveyed by deed properly recorded to Alton Stallings its three-tenths undivided interest in the Ball Gray Farm, and on the same date J. G. Godard, as guardian, for the same consideration, and in accordance with the terms and conditions set forth in the order, sold and conveyed to the Bank of Martin County all of his ward's interests in the lands inherited by him from his mother, except his three-tenths undivided interest in the Ball Gray Farm.

In 1926 Alton Stallings had been for 10 years an inmate of the State Hospital for the Insane in Raleigh.  In that year J. G. Godard, as guardian, under authority of an order of court, duly confirmed by the Resident Judge of the district in a special proceeding instituted by virtue of G.S. 33-31 sold and conveyed by deed properly recorded his ward's three-fifths undivided interest in the Ball Gray Farm to C. C. Fleming and Ransom Fleming for $12,000.00, receiving in payment $3,000.00 in cash and notes aggregating $9,000.00 secured by a purchase money deed of trust upon the property conveyed.

After this sale J. G. Godard resigned as guardian, and M. S. Moore was duly appointed as his successor.

Default in the payment of the notes secured by the deed of trust having occurred, the deed of trust in 1933 was properly foreclosed, and M. S. Moore, as guardian for Alton Stallings, being the last and highest bidder at the trustee's sale, the trustee executed and delivered to him a deed properly recorded, conveying to M. S. Moore, guardian for Alton Stallings, a three-fifths undivided interest in the Ball Gray Farm.

On 18 January 1956 Alton Stallings, who was never married, died intestate leaving as his only next of kin first cousins of the blood of his mother and first cousins of the blood of his father.  Plaintiff M. L. Peel is a first cousin of the blood of his father, and defendant Maurice S. Moore is a first cousin of the blood of his mother.

17—244

Plaintiff and defendant agree that, if plaintiff owns any interest in the Ball Gray Farm, it consists of a $\frac{1}{32}$ undivided interest inherited by him from Alton Stallings. Plaintiff by written contract has agreed to sell and convey a $\frac{1}{32}$ undivided interest in this farm to M. S. Moore for the price of $2,000.00, and by said written contract M. S. Moore has agreed to purchase such interest, provided M. L. Peel can convey to him a fee simple marketable title. Pursuant to such contract M. L. Peel has executed and tendered to M. S. Moore a deed sufficient in form to convey such interest. Moore has refused to accept the deed and pay the purchase price on the ground that Alton Stallings inherited his three-fifths interest in the Ball Gray Farm from his mother, and M. L. Peel not being of the blood of his mother inherited no interest in the land under G.S. 29-1, Rule 4. M. L. Peel contends that Alton Stallings at his death owned a three-fifths interest in the Ball Gray Farm by purchase, and that Rule 5, G.S. 29-1 applies to the part acquired by purchase.

Judgment was entered that "plaintiff is the owner of an undivided interest in said lands and that his deed as tendered to defendant will convey a good title for such interest," and defendant was ordered to accept said deed and to pay to plaintiff the agreed purchase price.

From the judgment, defendant appeals.

*Clarence W. Griffin for Plaintiff, Appellee.*
*Peel & Peel for Defendant, Appellant.*

PARKER, J.  The sufficiency of a deed to convey title can be adjudicated by the submission of a controversy without action under G.S. 1-250. *Griffin v. Springer, ante,* 95, 92 S.E. 2d 682.

This Court said in *Realty Corp. v. Koon,* 216 N.C. 295, 4 S.E. 2d 850: "All persons having an interest in the controversy must be parties, to the end that they may be concluded by the judgment, and the controversy be finally adjudicated as in the case of an action instituted in the usual way. *McKethan v. Ray,* 71 N.C. 165."

Alton Stallings never married, and at his death his nearest collateral relatives capable of inheriting were first cousins of his mother's blood and first cousins of his father's blood. Of all these first cousins only two are parties to this proceeding: plaintiff, a first cousin of the father's blood, and defendant, a first cousin of the mother's blood. Plaintiff and defendant have agreed that plaintiff is a first cousin of the father's blood and that, if plaintiff inherited from Alton Stallings any interest in the Ball Gray Farm, it is a $\frac{1}{32}$ undivided interest. All the other first cousins of Alton Stallings at his death, who are certainly interested in the controversy, have made no such agreement; they have not agreed that plaintiff is a first cousin of Alton Stallings; and they have not

agreed that, if he is a first cousin and if he has inherited anything, it amounts to a $\frac{1}{32}$ undivided interest. A judgment in this proceeding to which these other first cousins are strangers with no opportunity to be heard is not binding upon them. *Thomas v. Reavis,* 196 N.C. 254, 156 S.E. 226.

In the following cases of controversies without action involving title to land, when it appeared to us there could not be a complete and final determination of the rights of the parties interested in the absence of some of the interested parties, we have set aside the judgments rendered and remanded the cases, or remanded the cases, so that the cases can come before the court properly constituted in respect to parties and to the judgment demanded. *McKethan v. Ray,* 71 N.C. 165; *Campbell v. Cronly,* 148 N.C. 136, 61 S.E. 1134; *Same case,* 150 N.C. 457, 64 S.E. 213; *Brinson v. McCotter,* 181 N.C. 482, 106 S.E. 215; *Wagoner v. Saintsing,* 184 N.C. 362, 114 S.E. 313; *Thomas v. Reavis, supra; Realty Corp. v. Koon, supra.* See also *Waters v. Boyd,* 179 N.C. 180, 102 S.E. 196.

It is to be noted that the legal title to the three-fifths undivided interest in the Ball Gray Farm was taken in the name of M. S. Moore, guardian of Alton Stallings, when the Fleming deed of trust was foreclosed.

All the first cousins of Alton Stallings at his death are necessary parties to a complete determination of this controversy. M. S. Moore in his capacity as guardian is a proper, if not a necessary, party. Being a consent proceeding they cannot be brought in against their will. If they so desire, all can come in and join in the submission of the controversy without action upon the facts now stated, or all of them can agree upon additional facts or a new and different statement of facts, and submit a controversy without action. *Wagoner v. Saintsing, supra; Realty Corp. v. Koon, supra.* If all cannot agree upon the facts so as to submit a controversy without action, the facts can be established in a civil action to which all are parties. *Thomas v. Reavis, supra.*

Until that is done, we refrain from discussion of the facts appearing of record.

The judgment below is set aside, and the case remanded to the end that further proceedings be had as the law directs and the rights of the parties require.

Error and remanded.

JOHNSON, J., not sitting.