TOWN OF MORGANTON v. HUTTON & BOURBONNAIS COMPANY.

(Filed 31 January, 1958.)

**Appeal and Error § 55: Declaratory Judgment Act § 3: Parties § 3—**

> In an action under the Declaratory Judgment Act to determine whether plaintiff had acquired the fee or merely an easement by condemnation, it appeared that defendant was the owner of an undivided interest in the lands at the time of the condemnation, and whether such defendant had later acquired the interest of the other tenant in common depended upon the construction of the deed executed by such other tenant to defendant. *Held:* The cause must be remanded for the joinder of the cotenant as a necessary party, since the rights of the cotenant cannot be adjudicated or precluded without his joinder. G.S. 1-260.

APPEAL by defendant from *Pless, J.,* at March Civil Term, 1957, of BURKE.

Civil action under the Declaratory Judgment Act for adjudication of the title to a tract of land in Burke County containing 2,131.59 acres. The land was condemned by the plaintiff for a watershed in a proceeding instituted in 1922 and terminated in 1928.

The immediate controversy involves the question whether the plaintiff has the right to harvest and appropriate to its own use the matured, merchantable timber on the watershed property. The answer to the question hinges on whether the plaintiff acquired in the condemnation proceeding (1) a fee simple estate, (2) a perpetual easement which includes the right to harvest the timber, (3) a limited easement, with the fee simple interest in the land and the timber remaining in the original owners or their heirs and assigns, or (4) whether, in any event, the plaintiff is estopped to claim more than an easement, limited as above stated.

The case was heard by the presiding Judge on waiver of jury trial, and both sides offered evidence.

The Town of Morganton alleged in its petition in the condemnation proceeding that it was necessary for it to "acquire the lands" as a watershed so as to protect from contamination its water supply from Upper South Fork River, which is fed in part by streams on the lands in controversy.

The final judgment in the condemnation proceeding adjudges that the judgment "shall operate as a deed of conveyance and shall transfer, convey to and vest in the petitioner, the Town of Morganton, its successors and assigns, during its corporate existence the lands of the defendants sought to be condemned herein for the uses and purposes mentioned and set forth in the petition."

The pleadings in the condemnation proceeding disclose that Hutton & Bourbonnais Company owned only an undivided 29/60 interest in the tract of land. The owners of the other undivided interests were joined as defendants.

Hutton & Bourbonnais Company is the only defendant named in the instant action. The case was tried on the theory that Hutton & Bourbonnais Company had acquired whatever outstanding interests, if any, their former cotenants had in the lands after the condemnation proceeding was concluded in 1928. For the apparent purpose of showing this, the plaintiff offered in evidence a deed dated 31 March, 1930, made by the executors of George N. Hutton, deceased, and A. B. Hutton and wife to Hutton & Bourbonnais Company, Inc., conveying the former 27/60 interest of G. N. Hutton and the 4/60 interest of A. B. Hutton in eight tracts of land in Burke County. The first seven tracts described in the deed are outside the boundaries of the watershed tract now in controversy. The eighth tract is a larger tract which includes within its boundaries the watershed tract. Following the specific description, the deed contains these further provisions:

"It is further understood that this conveyance is made with the understanding, that the State Asylum at Morganton, North Carolina, has acquired a portion of the land in this boundary *and that the Town or City of Morganton has acquired a portion of this land for a watershed and such acquired portions are not hereby conveyed, but are excepted from the boundary.* The purpose of this conveyance being to convey only the interest of the said George N. Hutton and A. B. Hutton in said boundary of land, subject to all valid and proper exceptions." (Italics added.)

At the conclusion of the hearing, the presiding Judge announced his decision in favor of the plaintiff. It was agreed by the parties that proposed findings of fact, conclusions of law, and judgment should be submitted to the court later, and that final judgment might be signed out of term and out of the district. At a later hearing, after the plaintiff had submitted its proposed findings, conclusions and judgment, the defendant moved the court to include in its judgment a finding, based on the exception in the foregoing deed made by the executors of George N. Hutton and others to the present defendant, that all parties who may have or claim an interest in the lands in controversy have not been made parties to the action as required by statute. The motion was denied and the defendant excepted. Thereupon, attorney Marshall V. Yount advised the court that he represented Mrs. Doris H. Councill, who as heir at law of

A. B. Hutton claimed an undivided interest in the lands. Thereupon the defendant moved the court that the cause be continued and that all parties claiming an interest in the lands, including in particular Mrs. Doris H. Councill, be made parties to the action. The motion was denied and the defendant excepted. The defendant then moved the court to declare a mistrial for the reason "that all persons who may have or claim an interest in the lands in controversy who would be affected by a declaratory judgment rendered at this terms . . . have not been made parties to this action. . . ." The motion was denied, and the defendant excepted.

Thereupon the court signed judgment as tendered by the plaintiff, decreeing that the plaintiff is the owner of the watershed lands in fee simple absolute. The judgment also contains an alternate decree that the plaintiff, in any event, has an estate which entitles it to harvest as its own, subject to public health regulations, the timber growing upon the property. From the judgment so entered, the defendant appeals.

*Patrick & Harper, Charles D. Dixon, and Frank C. Patton for defendant, appellant.*

*Womble, Carlyle, Sandridge & Rice, John H. McMurray, Livingston Vernon, Sam J. Ervin, III, and H. L. Riddle, Jr. for plaintiff, appellee.*

JOHNSON, J. On authority of the decision in *Edmondson v. Henderson,* 246 N.C. 634, 99 S.E. 2d 869, and cases there cited, it is apparent that we have here a fatal defect of necessary parties. In the Edmondson case we had for construction a last will and testament. Here we have, among other questions, the interpretation and construction of a judgment and judgment roll in a condemnation proceeding. There appears to be no practical difference between the two cases so far as the question of parties is concerned.

Whenever, as here, a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court. *Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491; *Edmondson v. Henderson, supra.*

The plaintiff argues with considerable cogency that the deed from the defendant's former cotenants, notwithstanding the exception clause contained therein, is sufficient in form when properly interpreted and construed to divest the grantors of all title and interest of every kind in the property. As to the question thus posed, we intimate no opinion, other than to say that the

heirs or those who have succeeded to the rights, if any, of the grantors are entitled to be heard on the question of interpretation and construction, and should be made parties to this action.

The Declaratory Judgment Act provides (G.S. 1-260) that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, . . ." True, this section of the statute goes on to say that "no declaration shall prejudice the rights of persons not parties to the proceeding." However, this latter portion of the statute ordinarily should not be relied on by the courts as authority to proceed to judgment without the presence of all necessary parties, when in the course of a trial the absence of such parties becomes apparent. When, as here, decision requires the construction of formal legal documents, vitally affecting the rights of several persons, some parties to the action and some not, can it be said with assurances of verity that the lower court may proceed to adverse judgment and the appellate court to affirmation without prejudice to the rights of those not made parties? It suffices to say that when and if the absent parties should assert their rights in an independent action, they would be at grips with the doctrine of *stare decisis*.

The appellant brief filed here by Mrs. Doris Hutton Councill is not accordant with our rules of appellate procedure. Being unsupported by exception or appeal, her brief will be stricken from the file.

The case will be remanded for such further proceedings as the law directs and the rights of the parties require.

Remanded.