DAVID M. BRITT, INGRAM P. HEDGPETH, AND P. A. McRAE, TRUSTEES OF THE ROBESON BAPTIST ASSOCIATION, AND THE ROBESON BAPTIST ASSOCIATION, A VOLUNTARY ASSOCIATION OF BAPTIST CHURCHES IN ROBESON COUNTY, NORTH CAROLINA, AND ITS IMMEDIATE ENVIRONS v. THE BAPTIST CHILDREN'S HOMES OF NORTH CAROLINA, INC., A NORTH CAROLINA CORPORATION.

(Filed 14 January, 1959.)

**Appeal and Error §§ 1, 55—**

The grantors in a deed are necessary parties in an action to construe the deed to determine whether it conveyed the fee simple title or contained a condition subsequent which would defeat the title, and when the grantors are not parties, the cause must be remanded.

APPEAL by defendant from *Bickett, J.,* September 1958 Civil Term, of ROBESON.

Plaintiff seeks to compel defendant to purchase and pay $100 pursuant to the provisions of a contract for 46.65 acres conveyed to their predecessors in office by E. L. Odum and wife. A copy of the deed to plaintiffs is attached to and made a part of the complaint. The grantees are named persons, "Trustees of the Robeson Baptist Association, for the use of church purposes and Christian education among the Indians of Robeson County . . ." The consideration recited is "$1.00 in hand paid and for the interest they have in the better Church advantages and Christian education of the Indians of Robeson County . . ." The property is conveyed "unto the said parties as Trustees of the Robeson Baptist Association and to their successors in office for the uses above mentioned, and none other . . ."

Defendant admitted the contract and its refusal to accept the deed tendered. It alleged it was incorporated for the primary purpose of providing "care and christian training of indigent and orphaned children of North Carolina," receiving its principal support from Missionary Baptist Churches of North Carolina, including members of plaintiff association; the buildings on the property used by plaintiff to house Indian orphans were in a bad state of repair, jeopardizing the safety and welfare of the children occupying the same; it contracted to purchase, expecting to renovate the existing buildings and, if necessary, to erect a new dormitory, but because plaintiffs had only a defeasible fee and could not convey free from the trust set out in the deed to plaintiff, it had declined to accept the deed tendered and pay the purchase price.

Based on the pleadings and exhibits the court concluded plaintiffs could convey in fee simple without restrictions affecting the title, and the deed tendered was sufficient for that purpose. It decreed specific performance. Defendant excepted and appealed.

*Varser, McIntyre, Henry & Hedgpeth for plaintiff appellees.*
*Jones, Reed & Griffin for defendant, appellant.*

RODMAN, J. Appellee's brief states the question for decision as: "Does the Odum deed, which conveys the land in question, contain a condition subsequent that could defeat the title?"

The Odums are not parties to this action. They cannot be bound without an opportunity to be heard. No matter how laudable the purpose of the parties to this action, no judicial declaration should be made which could have no binding effect, but which might seriously cloud and interfere with such rights as the Odums may have. Adhering to our practice, *Morganton v. Hutton & Bourbonnais Co.*, 247 N.C. 666, 101 S.E. 2d 679; *Edmondson v. Henderson*, 246 N.C. 634, 99 S.E. 2d 869; *Peel v. Moore*, 244 N.C. 512, 94 S.E. 2d 491; *Cutler v. Winfield*, 241 N.C. 555, 85 S.E. 2d 913; *Story v. Walcott*, 240 N.C. 622, 83 S.E. 2d 498; *Thomas v. Reavis*, 196 N.C. 254, 145 S.E. 226, the judgment appealed from is vacated and the cause remanded to the Superior Court where additional parties necessary to a decision may be made.

Remanded.