NORTH CAROLINA STATE HIGHWAY COMMISSION v. WALLACE M. GAMBLE, SINGLE; JOSEPH G. GAMBLE, JR. AND WIFE, MRS. JOSEPH G. GAMBLE, JR.; WAYNE W. GAMBLE AND WIFE, SUE M. GAMBLE; HILDA GAMBLE GROSSE AND HUSBAND, WILLIAM M. GROSSE; LAURA M. GAMBLE, SINGLE; MARY E. GAMBLE, SINGLE; AND CONNIE W. GAMBLE, WIDOW

No. 6926SC527

(Filed 19 November 1969)

Eminent Domain § 7;   Parties § 1;   Appeal and Error § 63— condemnation proceeding — conflict in landowner's deed — necessary parties — remand

Where, in a condemnation proceeding between the highway commission and the landowner, the court must construe conflicting provisions of the landowner's deed to determine if the landowner's grantor retained a strip of land lying between the highway right-of-way and the tract conveyed to landowner, the grantor is a necessary party to the proceeding, and the cause will be remanded so that the necessary party may be brought in.

APPEAL by plaintiff from Ervin, J., 2 June 1969 Schedule "A" Civil Session of the MECKLENBURG Superior Court.

The State Highway Commission commenced this civil action on 31 January 1966 under G.S. Chapter 136, Article 9, to condemn certain lands of the defendants for a right-of-way of State Highway Project No. 8.1640801. On 2 June 1969, pursuant to the provisions of G.S. 136-108, a hearing was had by Ervin, J., to determine all issues raised by the pleadings other than the issue of damages.

The defendants claim title to the lands affected by the condemnation under a deed from Duke Power Company (Duke) dated 19 March 1962. The lands lie on the easterly side of U.S. Highway No. 21. The deed to defendants from Duke provides that the western line of said tract runs with "the eastern margin of N.C. Highway right of way for U.S. 21." The boundary along the highway right-

of-way line is described by courses and distances. The map which was incorporated into the deed by reference shows the western property line of defendants' tract as following the highway right-of-way line. The courses and distances shown on the map are the same as those contained in the deed.

Although defendants' deed calls for its western line to begin at a point "in the eastern margin of N.C. highway right of way for U.S. Highway No. 21," and then proceeds "thence . . . with said highway right of way limit" for certain courses and distances, the other courses and distances given in said deed and map show the western boundary line of defendants' property to be located parallel to and running some distance to the east of the western right-of-way line, the parties having stipulated that the right-of-way extended seventy-five feet on each side of the center line of U.S. Highway No. 21. The parties also stipulated that at the time of the conveyance by Duke to the defendants, Duke owned the property to the easterly margin of said highway right-of-way.

The purpose of the hearing before Judge Ervin was, in effect, to resolve the conflicting provisions in the deed from Duke to the defendants and thus ascertain whether the western boundary of the tract conveyed extended to the eastern right-of-way line as called for in one part of the description or whether, giving effect to the other courses and distances, Duke retained a strip of land lying between the highway right-of-way and the tract conveyed.

The order of the trial judge in pertinent part is as follows:

"AND IT APPEARING to the Court and the Court finding as facts and concluding as a matter of law from the Stipulations of the parties in open Court and from the pleadings filed herein and the exhibits offered in evidence and from the arguments of counsel, that the deed from Duke Power Company to the Defendants dated March 19, 1962 and recorded in Book 2437, Page 239 in the Mecklenburg Public Registry is inconsistent in its description of Tract No. 2 therein in that said deed provides that the boundary line of said tract runs with the eastern margin of N.C. Highway right of way for U.S. Highway No. 21 and said boundary along the highway is described by courses and distances which do not follow the highway right of way as it then existed or as it exists now as a result of this condemnation action; that the eastern margin of N.C. Highway right of way for U.S. Highway No. 21 was definitely established and ascertainable on March 19, 1962 and as such constituted an artificial monument; that Duke Power Company owned the

property on said date to the eastern margin of said highway right of way; that as a conflict exists between courses and distances and a fixed monument, the call for the monument will control.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that as of January 31, 1966, the date of the taking in this action, the property of the Defendants extended to the eastern margin of U.S. Highway No. 21 as it then existed and that the Defendants are entitled to recover from the Plaintiff their damages caused by the taking of this additional tract of land, shown as the shaded area on Defendants' Exhibit No. 1 filed herein."

From this order the plaintiff appeals.

*Attorney General Robert Morgan by Trial Attorney I. B. Hudson, Jr., and Staff Attorney Carlos W. Murray, Jr., for the State Highway Commission.*

*Harkey, Faggart, Coria and Fletcher by Harry E. Faggart, Jr., for the defendant appellees.*

VAUGHN, J.

Duke Power Company is not a party to the action. The Court is called upon to construe the deed from Duke and determine whether Duke conveyed the tract in dispute to the defendants or whether title to the tract was retained by Duke, it having been stipulated that Duke owned the tract at the time of the conveyance.

Reference to *Britt v. Children's Homes*, 249 N.C. 409, 106 S.E. 2d 474, is thought to be appropriate. The plaintiffs in that case sought specific performance of a contract wherein defendant had agreed to purchase land from the plaintiffs who had acquired the same from one Odum. The defendants contended the deed from Odum to plaintiffs conveyed only a defeasible fee. The trial court concluded plaintiffs could convey in fee simple and decreed specific performance. The Supreme Court vacated the judgment and remanded the cause for additional parties, saying: "The Odums are not parties to the action. They cannot be bound without an opportunity to be heard . . . no judicial declaration should be made which could have no binding effect, but which might seriously cloud and interfere with such right as the Odums may have."

A similar question arose in *Oxendine v. Lewis*, 251 N.C. 702, 111 S.E. 2d 870. There the defendant refused to accept the deed tendered

by the plaintiff Oxendine on the ground that the plaintiff had previously executed a deed to Melinda Hunt. Oxendine contended his deed to Melinda Hunt conveyed only a life estate and that upon her death prior to the execution of the contract sought to be enforced, he became the owner in fee. On appeal the judgment ordering specific performance was set aside and the cause remanded for additional parties. The Supreme Court stated:

> "Involved in this action are apparently conflicting provisions of a deed. The court is called upon to resolve the conflict. In order that its judgment may be binding on all parties in interest and be a final termination of the controversy, the court should have before it all the heirs at law of Melinda Oxendine Hunt. The absent heirs are not bound by the judgment in a cause to which they are not parties. Our procedure requires that they be brought in and given an opportunity to be heard."

When it appears, as here, in a case involving the construction of a deed that the absence of a party prevents the entry of a judgment fully settling and determining the question of interpretation, we think the court should refuse to deal with the merits of the case until the absent party is brought in. *Morganton v. Hutton and Bourbonnais Co.*, 247 N.C. 666, 101 S.E. 2d 679; *Edmondson v. Henderson*, 246 N.C. 634, 99 S.E. 2d 869.

Following the practice in *Underwood v. Stafford*, 270 N.C. 700, 155 S.E. 2d 211; *Bank v. Jordan*, 252 N.C. 419, 114 S.E. 2d 82; *Oxendine v. Lewis, supra; Britt v. Children's Homes, supra; Cutler v. Winfield*, 241 N.C. 555, 85 S.E. 2d 913; and other cases cited, the order appealed from is vacated and the cause is remanded to the Superior Court where the additional party or parties necessary to a decision may be made.

Vacated and remanded.

BROCK and BRITT, JJ., concur.