SPOONER'S CREEK LAND CORPORATION v. ROMA STYRON AND WIFE, CATHERINE STYRON

No. 693SC398

(Filed 17 December 1969)

1. **Controversy Without Action § 1—   scope of remedy — sufficiency of deed — necessary parties**
    The sufficiency of a deed to convey title can be adjudicated by the submission of a controversy without action under G.S. 1-250; however, all persons having an interest in the controversy must be parties to the end that they may be concluded by the judgment and that the controversy be finally adjudicated.

2. **Dedication § 1—   dedication by map — subdivision streets and parks — rights acquired**
    Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks, and playgrounds kept open for his reasonable use; and this right may not be extinguished or diminished except by agreement or estoppel.

3. **Dedication § 1—   dedication to public**
    A dedication must be made to the public and not to part of the public.

4. **Deeds § 20; Parties § 1; Dedication § 1; Vendor and Purchaser § 10— action for specific performance — subdivision map — park area — necessary parties**

Where a contract for the sale of a tract of land in a subdivision provided that the tract would be conveyed to defendant free and clear of all encumbrances, and where there is a map of the subdivision on which the word "PARK" appears in the area embracing the tract in question and other parties have purchased lots in the subdivision with reference to the map, equity will not compel the defendant to comply with the contract until the other parties have been brought into the action as necessary parties and their rights, if any, have been determined with respect to the park.

5. **Judgments §§ 1, 17— void judgment — citizen not party to the action**

A judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void as to him.

6. **Controversy Without Action § 2— determination on agreed facts**

Upon submission of a controversy without action under G.S. 1-250, the cause is for determination on the agreed facts and the court is without authority to find additional facts or to infer or deduce further facts from those given.

7. **Controversy Without Action § 2— hearing on ultimate facts**

Ordinarily it is only when ultimate, not merely evidentiary, facts are contained in the agreed statement that there is a genuine submission of an agreed case.

8. **Controversy Without Action § 2— ultimate facts — evidentiary facts**

Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; evidentiary facts are those subsidiary facts required to prove the ultimate facts.

9. **Controversy Without Action § 2— nature of facts admitted**

The facts admitted must be so conclusive and comprehensive in their character as to present only bare questions of law for the court.

BRITT, J., dissents.

APPEAL by defendants from *Cowper, J.,* 10 April 1969 Session of CARTERET Superior Court.

Under the provisions of G.S. Chapter 1, Article 25, the parties submitted a controversy without action. The facts in the agreed case pertinent to this appeal are as follows. Plaintiff and defendant entered into a contract to respectively sell and buy a tract of land on Bogue Sound. The defendants refused to accept the deed or pay the purchase price on the ground that the plaintiff could not convey fee simple unencumbered title to the property. On a map entitled "Spooner's Creek Harbor, Inc., Section No. 1," the word "PARK"

appears on the area which includes the tract in question. The agreed case also provided:

> "It is also agreed that other parties have purchased lots within Spooner's Creek Harbor, Inc., Section 1, with reference to the aforesaid map. No use of the area designated as 'PARK' on said map has been made for any purpose. No public body has done anything to accept the area as a park. It is an undeveloped tract of woodsland bordering the waters of Bogue Sound."

The trial judge made certain findings of fact including a finding that "the area designated as 'PARK' on the aforesaid map is not a part of Spooner's Creek Harbor, Inc., Section No. 1, subdivision as shown on the aforesaid map but is an area adjacent thereto and that no dedication of the area marked 'PARK' on said map nor offer to dedicate said area as a park was intended to be made by such designation . . ."

The court concluded as a matter of law that there has been no dedication of said area as a "PARK" either for public use or by purchasers of lots within the subdivision and the plaintiff could convey fee simple unencumbered title.

From a judgment ordering specific performance defendants appeal.

*Nelson W. Taylor for plaintiff appellees.*

*Boshamer and Graham by Otho L. Graham for defendant appellants.*

VAUGHN, J.

[1]    The sufficiency of a deed to convey title can be adjudicated by the submission of a controversy without action under G.S. 1-250; however, all persons having an interest in the controversy must be parties to the end that they may be concluded by the judgment and the controversy be finally adjudicated as in the case of an action. *Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491; *Realty Corp. v. Koon,* 216 N.C. 295, 4 S.E. 2d 850.

[2, 3]    The principle is well settled that where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and playgrounds kept open for his reasonable use. In a strict sense it is not a dedication, for a dedication must be made to the public and not to part of the public. It is a right in the nature of an ease-

ment appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished or diminished except by agreement or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. *Realty Co. v. Hobbs,* 261 N.C. 414, 135 S.E. 2d 30.

**[4, 5]**    The agreed statement of facts in this case discloses that "other parties have purchased lots within Spooner's Creek Harbor, Inc., Section 1, with reference to the aforesaid map." Although these purchasers clearly have an interest in the controversy, they are not parties to this controversy without action. It is axiomatic that judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void as to him. *The Board of Health v. Brown,* 271 N.C. 401, 156 S.E. 2d 708. Since others have purchased lots within the subdivision with reference to the map, no judicial declaration should be made which has no binding effect, but which might seriously cloud and interfere with such rights as they might have. *Britt v. Children's Homes,* 249 N.C. 409, 106 S.E. 2d 474.

**[4]**    Except for certain restrictions not relevant to this appeal, the contract between the plaintiff and the defendant provided that the property would be conveyed free and clear of all encumbrances. Under such circumstances equity will not compel the defendant to comply with the contract until the rights, if any, of purchasers of lots in the subdivision have been determined. *Story v. Walcott,* 240 N.C. 622, 83 S.E. 2d 498; *Sheets v. Dillon,* 221 N.C. 426, 20 S.E. 2d 344.

**[6-9]**    Three of the four assignments of error brought forward by the defendant are exceptions to "findings of fact" by the trial judge. Upon submission of a controversy without action under G.S. 1-250, the cause is for determination on the agreed facts. The court is without authority to find additional facts or to infer or deduce further facts from those given. *Sparrow v. Casualty Co.,* 243 N.C. 60, 89 S.E. 2d 800; *Greensboro v. Wall,* 247 N.C. 516, 101 S.E. 2d 413; *Realty Corp. v. Koon, supra,* and cases cited. Ordinarily it is only when ultimate, not merely evidentiary facts are contained in the agreed statement that there is a genuine submission of an agreed case. 3 Am. Jur. 2d, Agreed Case, § 33, p. 744. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639. The facts admitted must be so conclusive

and comprehensive in their character as to present only bare questions of law for the court. *Trustees v. Banking Company,* 182 N.C. 298, 109 S.E. 6.

It may well be that agreement on the ultimate facts in this controversy would require too grave and serious an admission, if not a fatal one, on the part of one or more of the litigants. If so, the facts may be determined in the crucible of actual controversy before a jury, or by the court if the present litigants as well as all other necessary parties can agree to waive trial by jury.

Reversed.

BROCK, J., concurs.

BRITT, J., dissents.