N. C. MONROE CONSTRUCTION COMPANY v. GUILFORD COUNTY BOARD OF EDUCATION

No. 27

(Filed 12 May 1971)

1. **Declaratory Judgment Act § 1; Rules of Civil Procedure § 57— declaratory judgment — existence of another remedy**

   Declaratory relief was not precluded by the fact that plaintiff had another adequate remedy, namely, injunction, in a proceeding which was pending on the effective date of the new Rules of Civil Procedure. G.S. 1A-1, Rule 57.

2. **Declaratory Judgment Act § 2; Parties § 1; Rules of Civil Procedure § 19— validity of contract — necessary parties**

   The bidder to whom a school construction contract was awarded by a county board of education was a necessary party in a proceeding instituted by an unsuccessful bidder against the board of education to obtain a declaration that the contract award was invalid. G.S. 1-260; G.S. 1A-1, Rule 19(a) and (b).

APPEAL by defendant from *Robert Martin, S.J.,* at the 10 July 1970 Session of GUILFORD, heard prior to determination by the Court of Appeals.

The plaintiff, a general contractor and a taxpayer of Guilford County, submitted a bid for the general construction contract (i.e., exclusive of the plumbing, heating, ventilating, air conditioning and electrical work) for the construction of Southern High School in Guilford County. The contract was awarded by the defendant to Barker-Cochran Construction Company, hereinafter called Barker-Cochran. The plaintiff instituted this action for a declaratory judgment praying that the Court: (a) Adjudge the purported award of the contract to Barker-Cochran invalid, (b) adjudge that the contract should be awarded to the plaintiff or readvertised for bids and (c) issue

its writ of *mandamus* requiring the defendant to award the contract to the plaintiff or to readvertise it for bids.

In substance, the complaint (renumbered) alleges:

(1) The plaintiff, a taxpayer of Guilford County, is engaged in the general contracting and construction business and is a responsible bidder. In December 1968 the defendant advertised for bids for construction of Southern High School and the plaintiff, along with other general contractors, submitted a bid on the general construction contract.

(2) The bid form prepared by the defendant provided for a base bid and for separate bids on ten additional items under the caption "Equipment." The plaintiff's total bid (base bid plus the ten bids on the equipment items) was the lowest bid, Barker-Cochran being the next lowest bidder.

(3) After the bids were opened, the defendant's supervisor of construction informed the plaintiff that all of the bids were in excess of the funds available for the construction of the building and negotiated with the plaintiff for the purpose of reducing the construction cost. In these negotiations the plaintiff submitted new figures reducing its total bid.

(4) At the same time, without the knowledge of the plaintiff, the defendant's supervisor of construction was also negotiating with Barker-Cochran, in the course of which negotiations it conveyed to Barker-Cochran, for its consideration and use, certain suggestions made by the plaintiff for changes in the construction plans as a means of reducing the cost of the building.

(5) Following these negotiations, the defendant considered the bids of the plaintiff and of Barker-Cochran and eliminated five of the "equipment" items from consideration in determining the lowest bidder. After so eliminating these five "equipment" items, the defendant determined that Barker-Cochran was the lowest bidder and awarded the contract to Barker-Cochran, "subject to the approval and transfer by the County Board of Commissioners to this project * * * of $82,940.80 from unencumbered funds previously appropriated to the Southeast Junior High School project," this condition being necessary due to the fact that both plaintiff's and Barker-Cochran's bids, when added to the bids for the plumbing, heating, air conditioning and electrical work and the architect's fees, would still sub-

stantially exceed the appropriation for the construction of Southern High School.

(6) All ten of the "equipment" items are necessary to the completion and normal operation of the proposed building. The installation of all ten requires coordination with the rest of the plans and work on the general construction contract. The defendant's choice of the five "equipment" items for elimination in determining the low bid was subjective and arbitrary. A different selection of "equipment" items for elimination would have resulted in a total bid by the plaintiff of less than the total bid of Barker-Cochran.

(7) The County Commissioners made the requested additional appropriation by transferring to the Southern High School project funds which had been appropriated for the construction of Southeast Junior High School.

The plaintiff contends that the action of the defendant in awarding the general construction contract to Barker-Cochran, rather than to the plaintiff, was contrary to the competitive bid system prescribed in G.S. 143-129; the elimination of the five "equipment" items as a step in the determination of which contractor had submitted the lowest bid was arbitrary and contrary to law; that the plaintiff was actually the lowest responsible bidder for the contract; and that the negotiations by the defendant with it and with Barker-Cochran between the opening of the sealed bids and the award of the contract were unfairly conducted. For all of these reasons, it contends that the award of the contract to Barker-Cochran was invalid under G.S. 143-129.

The defendant demurred to the complaint on the following grounds: (1) The complaint does not state facts sufficient to constitute a cause of action for relief under the Uniform Declaratory Judgment Act; (2) there is a defect of parties defendant in that Barker-Cochran should have been made a party, and also in that the plumbing, heating, air conditioning and the electrical contractors should also have been made parties; and (3) mandamus does not issue to require the performance of an act involving discretion of the defendant such as the construction of a school building.

The demurrer was heard at the 3 March 1969 Session by Judge Exum and was overruled. The defendant thereupon filed its answer.

---

Construction Co. v. Board of Education

---

The matter then came on to be heard before Judge Robert Martin, a jury trial having been waived. Judge Martin made detailed findings of fact, substantially in accord with the allegations of the complaint. Upon these findings of fact, he concluded, among other things, that the action of the defendant was contrary to the competitive bid system embodied in G.S. 143-129, its elimination of the five "equipment" items was arbitrary and contrary to law, the plaintiff was the lowest responsible bidder for the contract and the award of the contract to Barker-Cochran was unauthorized and invalid. Upon these findings and conclusions, Judge Martin entered judgment declaring the contract between the defendant and Barker-Cochran *ultra vires* and void.

The defendant assigns as error: (1) The overruling of its demurrer to the complaint, and (2) the conclusion of the Superior Court that, as a matter of law, upon the findings of fact made by the court, the contract is *ultra vires* and void. The defendant does not assign as error any finding of fact by the trial judge.

*McLendon, Brim, Brooks, Pierce & Daniels, by Hubert Humphrey, for plaintiff-appellee.*

*Douglas, Ravenel, Hardy & Crihfield, by John Hardy, for defendant-appellant.*

LAKE, Justice.

This action was instituted and the pleadings were filed prior to the taking effect of the present Rules of Civil Procedure. Consequently, a demurrer, now abolished by Rule 7, was then the proper vehicle by which to assert the absence of a necessary party and the failure of the complaint to state a claim upon which relief can be granted, these being now asserted in the answer or by motion. See Rule 12(b).

Rule 57 of the Rules of Civil Procedure, relating to declaratory judgment, provides:

"The procedure for obtaining a declaratory judgment pursuant to article 26, chapter 1, General Statutes of North Carolina, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39.

Construction Co. v. Board of Education

*The existence of another adequate remedy does not preclude
a judgment for declaratory relief in cases where it is appro-
priate.* The court may order a prompt hearing of an action
for a declaratory judgment and may advance it on the
calendar." (Emphasis added.)

**[1]** The present Rules of Civil Procedure apply to all actions
and proceedings pending on January 1, 1970 as well as to actions
and proceedings commenced on and after that date. Session
Laws 1969, c. 803, § 10. Thus, the present rules apply to this
action. Consequently, by the express provision of Rule 57, *supra,*
the defendant's contention that its demurrer to the complaint,
for failure to state facts constituting a cause of action for
declaratory relief, should have been granted because the plain-
tiff has a proper remedy other than declaratory relief, namely,
injunction, has no merit now, assuming that originally it did
have merit.

Rule 19 (a) and (b) of the Rules of Civil Procedure pro-
vides:

"(a) *Necessary joinder.*—Subject to the provisions of
Rule 23, those who are united in interest must be joined
as plaintiffs or defendants; * * *

"(b) *Joinder of parties not united in interest.*—The
court may determine any claim before it when it can do
so without prejudice to the rights of any party or to the
rights of others not before the court; but when a complete
determination of such claim cannot be made without the
presence of other parties, the court shall order such other
parties summoned to appear in the action."

The Declaratory Judgment Act provides that courts of
record, within their respective jurisdictions, shall have power to
declare rights whether or not further relief is or could be
claimed and such declarations have the effect of a final judg-
ment or decree. G.S. 1-253. It further provides that any person
interested under a written contract or whose rights are affected
by a statute or contract may have determined any question of
construction or validity arising under the statute or contract
and may obtain a declaration of rights thereunder. G.S. 1-254.
With reference to the parties to an action for declaratory judg-
ment, the Act provides: "When declaratory relief is sought,
all persons shall be made parties who have or claim any inter-

est which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." G.S. 1-260.

In *Morganton v. Hutton & Bourbonnais Company*, 247 N.C. 666, 101 S.E. 2d 679, Justice Johnson, speaking for the Court with reference to an action for declaratory judgment, said: "Whenever, as here, a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court." See also: *Edmondson v. Henderson*, 246 N.C. 634, 99 S.E. 2d 869; *Peel v. Moore*, 244 N.C. 512, 94 S.E. 2d 491. In the Morganton case the plaintiff contended that a deed from the defendant's former cotenants, properly interpreted, divested those persons of all title to and interest in the property involved in the action. The Court said that the heirs or successors in interest of those grantors were entitled to be heard on the question of the interpretation or construction of their predecessors' deed and, therefore, should have been made parties to the action, notwithstanding the provision in G.S. 1-260 that "No declaration shall prejudice the rights of persons not parties to the proceeding." As to such parties the Court said: "When, as here, decision requires the construction of formal legal documents, vitally affecting the rights of several persons, some parties to the action and some not, can it be said with assurance of verity that the lower court may proceed to adverse judgment and the appellate court to affirmation without prejudice to the rights of those not made parties?"

In *Edmondson v. Henderson, supra,* Justice Johnson, again speaking for this Court in an action for a declaratory judgment, said:

"In *Gaither Corp. v. Skinner*, 238 N.C. 254, 256, 77 S.E. 2d 659, the Court said, quoting from McIntosh, North Carolina Practice and Procedure, Sec. 209, p. 184: 'Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting

them, and whether they shall be brought in or not is within the discretion of the Court.'

"In *Assurance Society v. Basnight*, 234 N.C. 347, 352, 67 S.E. 2d 390, it is said: 'The term "necessary parties" embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. * * * A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined.'

"In *Garrett v. Rose*, 236 N.C. 299, 307, 72 S.E. 2d 843, it is said: 'A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party.'

\* \* \*

"[C]onceding without deciding that the practice as to parties may be somewhat liberalized under the Declaratory Judgment Act, nevertheless where it appears, as here, in a case involving the construction of a will that the absence of a necessary party prevents the entry of a judgment finally settling and determining the question of interpretation, we think the court should refuse to deal with the merits of the case until the absent person is brought in as a party to the action. \* \* \* "

In *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458, the action was for a declaratory judgment to determine whether a portion of an alley might be closed. Speaking through Justice Denny, later Chief Justice, this Court held that while the plaintiffs could release their own easement rights in the alley, their release would not affect the obligation of the owner of the servient estate with respect to such owner's responsibility to the defendants, if any, in connection with such alley, and, therefore, the owners of the fee in the alley, subject to the easement, were necessary parties to the proceeding.

Construction Co. v. Board of Education

In 22 AM. JUR. 2d, Declaratory Judgments, § 80, it is said:

"While persons not parties to a proceeding for a declaratory judgment would not be bound by the judgment, it has been held that judgment should not be entered in their absence if they have such an interest in the controversy that their rights would be prejudicially affected by the judgment."

To the same effect, see: 3 Strong, N. C. Index 2d, Declaratory Judgments, § 2, and Annot., 71 A.L.R. 2d 723, § 10.

In *City of Louisville v. Louisville Auto Club*, 290 Ky. 241, 160 S.W. 2d 663, the plaintiff brought declaratory judgment proceedings to obtain a declaration that a parking meter ordinance of the city was invalid and, consequently, a contract for the installation of meters was also invalid. The court held that it could not pass upon the validity of the contract, since the person contracting with the city for the installation of the meters had not been made a party. In *Weissbard v. Potter Drug & Chemical Corp.*, 6 N.J. Super. 451, 69 A. 2d 559, aff'd 4 N.J. 115, 71 A. 2d 629, the court refused to declare a "fair trade" contract abandoned and so void in a proceeding to which the retailer with whom the defendant had made the contract was not a party. In *Brewer v. Brasted*, 11 Pa. D & C 103, a contract for the erection of a school building was alleged to be invalid because the school board was not legally constituted. The court declined to enter a declaratory judgment because the other party to the contract was not a party to the action and so had not been given an opportunity to be heard.

[2] The purpose of the present action is to obtain a declaration that the contract between the defendant and Barker-Cochran is invalid. While Barker-Cochran, not being a party to this action, would not be legally bound by a judgment rendered herein, as a practical matter, its rights, if any, under the contract with the defendant would be adversely affected by a declaration such as the plaintiff seeks in this action. Furthermore, if the plaintiff should prevail in this action, the defendant, though forbidden by the judgment of the court to perform its contract, might well be sued for nonperformance by Barker-Cochran. Clearly, Barker-Cochran is a necessary party in a proceeding to declare its contract with the defendant invalid and the court below could not properly determine the validity of that contract without making Barker-Cochran a party to the proceeding.

Without expressing any opinion as to the merits of the contentions of the plaintiff, the judgment of the Superior Court is, therefore, vacated and the matter is remanded to the Superior Court in order that Barker-Cochran may be made a party and, thereupon, further proceedings in accordance with law may be had.

In oral argument before this Court, in response to a question by the Court, we were advised that the Southern High School building has been completed and paid for and is now occupied for school purposes by the defendant. This does not appear in the record before us. We express no opinion as to whether, if these things be true, the present proceeding is moot, the merits of the case not being before us by reason of the absence of Barker-Cochran, a necessary party, from the proceeding.

Reversed and remanded.