GEORGE FERGUSON, CLINT FERGUSON, CARRIE FERGUSON BRYANT, ALICE FERGUSON BERRY, MAE SUE FERGUSON WOODY, ANNIE BETHEL JACKSON, WALTER BETHEL, ULYSEES G. BETHEL AND WILLIE HENDERSON BETHEL, BY HIS MOTHER AND NEXT FRIEND, ANNIE BELLE BETHEL McDANIEL, v. DAVID PRICE, ADMINISTRATOR OF ALBERT BETHEL, DECEASED, AND NATIONAL SURETY COMPANY OF NEW YORK.

(Filed 28 February, 1934.)

1. **Executors and Administrators F d: Judgments A b—Action held one in rem, and judgment based upon service by publication was not void.**

A judgment entered in an action to determine the heirs at law of intestate for the purpose of distributing funds in the hands of his administrator, in which the court has jurisdiction of the administrator and the funds in his hands, and some of the heirs appear in court and the other heirs are duly served by publication, is not void, the judgment being one *in rem.* C. S., 484.

2. **Same—Judgments M b—Heirs served by publication held barred from bringing subsequent action against administrator for share in estate.**

An action to determine the heirs at law of an intestate for the purpose of distributing funds in the hands of his administrator, the court having jurisdiction of the administrator and the funds in his hands and the heirs appearing in court, is an action *in rem,* and where service by publication is duly ordered on those heirs that cannot be found or are unknown, C. S., 484, and judgment entered directing the distribution of the fund, and the administrator has disbursed the fund in accordance with the judgment and filed his final account, the judgment will bar an action against the administrator by those heirs unknown at the time of the institution of the action and who did not see the notice by publication and did not appear in the action. C. S., 492.

CIVIL ACTION, before *Clement, J.,* at September Term, 1933, of ROCKINGHAM.

A. L. Bethel, a colored man, died, and the defendant, David Price, was duly appointed administrator of his estate on 26 November, 1926. At the time of his death the deceased had in bank and due him in money the sum of $8,736.54. He had no wife or children, and after the payment of funeral expenses and the costs of administration there was left on hand in money the sum of $6,627.58. The question arose as to who were the next of kin of intestate and in order to settle this question a suit was instituted in the Superior Court of Rockingham County, entitled "John Daniels, Jim Bethel, Harriet Slade, Mary Hairston, Willie Daniels, Willie Ann Adams, Green Bethel, Nat Bethel and Annie Bethel, v. David Price, administrator of the estate of A. L. Bethel, deceased, Harriet Thomas, Nannie L. Henderson, Ollie Pittrell, Willie

Bethel, Nat Bethel and Green Bethel." Summons was duly issued and served on the defendant administrator. On 12 March, 1927, J. H. Daniels made an affidavit that the sheriff had returned the summons in said action endorsed: "Harriet Thomas, Nannie L. Henderson and Ollie Pittrell not to be found in Rockingham County." It further appeared from the affidavit "that the defendants therein cannot after due diligence be found within the State but a cause of action exists against the defendants in favor of plaintiff to determine the next of kin of A. L. Bethel, deceased, and to determine to whom the said estate belongs." Whereupon, the said plaintiff prayed that summons be served on said defendants by publication. Pursuant to said affidavit the clerk of the Superior Court on 12 March, 1927, entered an order setting forth, that Harriet Thomas, Nannie L. Henderson and Ollie Pittrell were not to be found in Rockingham County, and after due diligence could not be found in the State, and that notice of the action be published as required by law. Thereupon a notice of publication was duly published as required by statute. The notice of publication stated: "The defendants, Harriet Thomas, Nannie L. Henderson, Ollie Pittrell, Nat Bethel, Green Bethel and Willie Bethel, and all other persons who claim any right, title or interest in and to the estate of A. L. Bethel, will take notice that an action entitled as above has been commenced in the Superior Court of Rockingham County to determine the heirs of the A. L. Bethel estate, and said defendants and all others interested will further take notice that they are required to appear before the clerk of the Superior Court in his office in Wentworth on or before 11 May, 1927, and answer or demur to the petition filed in this cause," etc. The notice was dated 9 April, 1927. The plaintiffs filed a petition alleging the death of A. L. Bethel, intestate; that he left certain sums of money, and that the defendant, David Price, was duly appointed administrator. The petitioners further alleged that they were first cousins and next of kin of said A. L. Bethel and entitled to a one-ninth interest in said estate. The petition further prayed the court for an order of publication and that after such publication had been duly run "that they be declared to be the next of kin of said A. L. Bethel, deceased," and that the administrator, after all debts of decedent, expenses of administration and costs of the action had been paid, to turn over to each of the above petitioners a one-ninth interest in said estate. Harriet Thomas, Nannie L. Henderson, Ollie Pittrell and Willie Bethel filed an answer denying that the petitioners were the next of kin and alleging that they were the next of kin and entitled to a one-fourth each of said estate. The petitioners filed a reply and the defendant administrator filed an answer denying all the allegations of the complaint, except that he was administrator

and had in his hands the sum of $8,010.64. Thereafter at the November Term, 1927, the cause came on for trial in the Superior Court, and the following issue was submitted to the jury: "Are John Daniels, Jim Bethel, Harriet Slade, Mary Hairston, Willie Daniels, Willie Ann Adams, Green Bethel, Nat Bethel, Annie Bethel, Alice Price, Harriet Thomas, Nannie L. Henderson, Ollie Pittrell and Willie Bethel the next of kin and heirs at law, and entitled to the proceeds of the estate of A. L. Bethel, share and share alike, wherever situated?" The jury answered the issue "Yes," and thereupon A. M. Stack, judge presiding, signed a judgment in accordance with the verdict and directed the defendant administrator to distribute the proceeds of said estate, less costs of administration, to the parties specified in the verdict. The judgment further declared: "And when said checks are delivered and paid to their attorneys of record, it shall be binding upon the heirs at law as completely as if paid direct to them." Thereafter on 8 December, 1927, the administrator filed his final account, showing all receipts and disbursements, and further disclosing that he had paid the entire sum of money in his hands, to wit, $6,627.58, to the distributees specified in the verdict and judgment, each distributee receiving the sum of $473.40. The clerk audited the final account, approved the same and ordered it filed.

Thereafter on 29 September, 1930, George Ferguson, Clint Ferguson Woody and Annie Bethel Jackson brought a suit in the Superior Court of Rockingham County v. David Price, administrator of Albert Bethel, and the National Surety Company of New York, alleging the death of A. L. Bethel, the appointment of defendant, David Price, as administrator of his estate, the execution and delivery of a bond by the defendant Surety Company, and that said administrator, after paying debts and charges of administration, had in his hands for distribution the sum of $6,627.58, and that said plaintiffs were first cousins of deceased, and each entitled to the sum of $368.19 or a total of $2,209.14. The administrator filed an answer denying the allegations of the complaint and alleging that he had fully administered said estate according to law and had disbursed all funds in his hands "under order of the Superior Court of Rockingham County and filed a final account showing all such receipts and disbursements which was duly ordered and approved by the clerk of the Superior Court of Rockingham County on 8 December, 1927." The cause came on for trial and evidence was introduced tending to show that the plaintiffs in the present action were kin to the deceased and entitled to a distributive share in his estate. The testimony further showed that Mae Sue Woody lived in Tennessee, and that Clint Ferguson and Carrie Ferguson Bryant lived in West Virginia. The

defendant introduced the Stack judgment rendered at the November Term, 1927, and also certain testimony from the administrator to the effect that he had made a final settlement of the estate and disbursed the money in accordance with the judgment of the Superior Court aforesaid.

At the conclusion of all the evidence the trial judge duly entered a judgment of nonsuit and the plaintiffs appealed.

*Brown & Trotter and William R. Dalton for plaintiffs.*
*Hunter K. Penn and Kenneth M. Brim for defendants.*

BROGDEN, J. (1) Was the judgment signed by Judge Stack, at the November Term, 1927, in the proceeding entitled: John Daniels *et al. v.* David Price, administrator, *et al.,* void?

(2) Does such judgment constitute a bar to the right of plaintiffs to recover against the administrator?

In determining whether the judgment of the Superior Court entered by Judge Stack, at the November Term, 1927, was void, it is necessary to keep certain facts clearly in mind. In the first place, the *res* or subject-matter of the action was subject to the jurisdiction of the Superior Court; that is to say, the money was within the jurisdiction of the court and the administrator holding the money was likewise subject to the jurisdiction of the court, and at all times under the control, direction and supervision of the court. Consequently, the suit was an action *in rem.* The judgment roll discloses that the purpose of the action was to discover the next of kin of A. L. Bethel, who were apparently widely scattered and to distribute the entire fund to such persons as the court might determine entitled thereto after due investigation and inquiry in accordance with law.

The plaintiffs in the present suit were not parties to the former action in the Superior Court and their testimony is to the effect that they knew nothing of the proceeding. However, an attempt was made by publication to give notice to all parties who claimed an interest in the estate of deceased. Indeed, no other method was available. An affidavit was filed in the cause setting forth that the summons had been returned and that certain defendants were not to be found in Rockingham County, or, after due diligence, within the State of North Carolina. An order of publication was duly made and in the notice of publication duly signed by the clerk of the Superior Court on 9 April, 1927, certain defendants therein specified "and all other persons who claim any right, title or interest in and to the estate of A. L. Bethel were notified that an action entitled as above has been commenced in the Superior Court of Rockingham County to determine the heirs of the A. L. Bethel estate."

Said notice of publication further required all such persons to appear at the office of the clerk of the Superior Court at Wentworth on or before 11 May, 1927, "and answer or demur to the petition filed in this cause," etc. This notice was duly published.

C. S., 484, authorizes the service of summons in certain instances therein specified "where the subject of the action is real or personal property in this State, and the defendant has, or claims, or the relief demanded consists wholly or partly in excluding him from any actual or contingent lien or interest therein." Obviously, the subject of the action was money in the hands of an administrator, and the plaintiffs in the present action had or claimed an interest therein. While it is unfortunate that the plaintiffs in the present suit did not see the notice or assert their rights, it cannot be held that the Stack judgment of November, 1927, was void. Moreover, the plaintiffs in the present suit do not mention the judgment in their complaint, and, therefore, neither attempt to set it aside so far as they are concerned by an independent action nor motion in the cause. McIntosh in North Carolina Practice and Procedure, page 317, section 321, says: "The owner of property, whether resident or nonresident, who cannot be reached personally by the process of court, is presumed to look after his interest, and when notice is given in a proper proceeding affecting his property and in a manner provided by law, he is bound by it." This declaration of the author is fully supported by *Foster v. Allison Corporation,* 191 N. C., 166, 131 S. E., 648. Indeed, C. S., 492, referring to judgments on substituted service or service by publication, declares: "No fiduciary officer or trustee who has made distribution of a fund under such judgment in good faith, is personally liable," etc. See *Lawrence v. Hardy,* 151 N. C., 123, 65 S. E., 766; *Stevenson v. Trust Co.,* 202 N. C., 92, 161 S. E., 728. See, also, *Harris v. Starkey,* 57 N. E., 698; *O'Neill v. Cunningham,* 244 Pac., 444.

It necessarily follows from the conclusion upon the first question of law that said judgment constitutes an estoppel so far as the administrator is concerned, as it stands admitted upon the record that he has disbursed the entire fund in his hands in accordance with the judgment of a court of competent jurisdiction.

As no relief is asked except as against the administrator, the ruling of the trial judge was correct.

Affirmed.