HERBERT RANSOM v. FLOSSIE H. ROBINSON AND
MARY WADE ROBINSON.

(Filed 25 February, 1959.)

**Trial § 5½ :    Judgments § 35—**

Ordinarily, only the documents constituting the record proper are before the court at pretrial conference, and where the record on appeal fails to indicate that either party offered evidence or waived a jury trial, judgment of nonsuit on the ground of estoppel by a prior judgment, predicated upon findings of fact by the court, must be vacated and the cause remanded.

APPEAL by plaintiff from *Seawell, J.,* March Term, 1958, of COLUMBUS, docketed and argued as No. 614 at Fall Term, 1958.

Civil action instituted September 9, 1957, wherein plaintiff alleged that he was the owner and in possession of described land in Western Prong Township, Columbus County, containing 26 acres; and that defendants, by cutting and removing timber, had unlawfully and wilfully trespassed thereon.

Answering, defendants denied plaintiff's allegations and pleaded ownership; and, upon allegations narrated below, pleaded estoppel by judgment.

Defendants asserted ownership as heirs of Wade H. Robinson. They alleged that Wade H. Robinson had instituted a prior action in Columbus Superior Court against Ernest R. Ashley; that the 26 acres in controversy herein were included in the lands *contended for* by Wade H. Robinson in said prior action; that, while said prior action was pending, Columbus County claimed title to said lands by virtue of a deed made to it pursuant to a tax foreclosure against D. W. Thompson, but on February 2, 1948, prior to judgment, Wade H. Robinson obtained a deed for said lands from Columbus County; that the judgment in said prior action, rendered at February Term, 1949, adjudged Wade H. Robinson the owner of said lands; and that, after the death of Wade H. Robinson, plaintiff herein, with full knowledge of the facts, procured a deed for said lands from Ernest R. Ashley.

Judge Seawell's judgment provides:

"This cause . . . being heard upon the cross motions of the plaintiff and defendants that Judgment No. 27593 in the case of *Wade H. Robinson v. Ernest Ashley* be adjudged an estoppel to further proceedings in said cause, and there being offered in evidence the complaint, answer, judgment, map of court survey, and deeds recorded in Book 179, page 441, and page 548; Book 212, page 31, the Court finds as a fact that said parties agreed upon a judgment in said action settling all of the matters in controversy, and at the time of the rendition of said judgment the defendant E. R. Ashley had of record a deed from D. W. Thompson to him, recorded in Book 179, page 441, conveying to him the same lands as are described in judgment No. 15368, and that the plaintiff Wade Robinson likewise at said time held a deed from Columbus County, recorded in Book 179, page 548, conveying the lands described in judgment No. 15368 to him, and that it was the purpose and the intention of said judgment to settle all matters in dispute between the plaintiff and defendant, and that thereafter the said E. R. Ashley did not list any of said lands now in controversy for taxation, but same were listed by the said Wade H. Robinson, and that thereafter the said Wade H. Robinson died and said defendants succeeded to his rights as his sole heirs, and that the plaintiff Herbert Ransom secured from Ernest Ashley purported deed dated July 12, 1957, recorded in Deed Book 212, page 31, Columbus County Registry, and that said Herbert Ransom was a close neighbor and lived in

the community where said disputed lands are located, and that he is estopped by Judgment No. 27593 and by the conduct of the parties from asserting any right under the deed to him from Ernest Ashley;

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED by the Court that the plaintiff Herbert Ransom is estopped by Judgment No. 27593 and that his cause of action be, and the same is hereby dismissed as of nonsuit, and the said plaintiff taxed with the cost of this action, and that the money deposited with the Clerk of Superior Court for timber be paid to the defendants."

Plaintiff excepted to said judgment, and to "the findings of fact contained therein," and appealed.

*John K. Burns for plaintiff, appellant.*
*Sankey W. Robinson and James Dick Proctor for defendants, appellees.*

BOBBITT, J. Presumably, "the cross motions" were made *ore tenus.* No motion appears in the record.

There was no jury trial. Nothing in the record shows that the parties waived a jury trial and agreed that the court hear the evidence and find the facts. The case was not submitted on an agreed statement of facts. There were no stipulations.

The case on appeal refers to the hearing as a pre-trial hearing. "Unless otherwise provided by stipulation, only the documents constituting the record proper are before the court at pretrial conference." *Reid v. Holden,* 242 N.C. 408, 412, 88 S.E. 2d 125.

The record, under the caption "PLAINTIFF'S EVIDENCE," shows certain documents identified as plaintiff's exhibits. Exhibit A is judgment No. 27593, entered in prior action by *Wade H. Robinson, plaintiff, v. Ernest R. Ashley, defendant,* and attached map purporting to show the contentions of the respective parties. Exhibit B is the answer filed by Ernest R. Ashley in said prior action. Exhibit C is deed dated December 9, 1947, registered in Book 179, page 441, from D. W. Thompson to E. R. Ashley. Exhibit D is deed dated July 12, 1957, registered in Book 212, page 31, from Ernest R. Ashley and wife, Itlean Ashley, to Herbert Ransom. While the judgment indicates the complaint in said prior action was considered by Judge Seawell, that complaint is not in the record nor does it appear that it was identified as an exhibit.

These documents constitute all the "evidence" appearing in the record. Nothing appears to indicate that either party offered any testimony.

The judgment is predicated upon the court's findings of fact. The facts found do not appear from the record proper nor do they appear from the documents *treated as evidence.*

Under the circumstances narrated, it was error for the court to make *any* findings of fact; and plaintiff's exception is deemed sufficient to raise this question.

Our impression is that the record does not fully or accurately disclose what occurred when the cause was heard by Judge Seawell. Even so, the judgment as of nonsuit, predicated on findings of fact made by the court, must be held erroneous.

Upon this record, we express no opinion as to the legal significance of the judgment entered in the prior action by *Wade H. Robinson v. Ernest R. Ashley.*

The judgment is vacated and the cause is remanded for determination in accordance with approved practice.

Error and remanded.