THE BANK OF WADESBORO, ADMINISTRATOR OF THE ESTATE OF WILLIAM
DANIEL TEAL, JR. v. OLIVETTE TEAL JORDAN; WAYNE TEAL;
CORA BARNES AND HUSBAND, LEXIE BARNES; AND ALL UNKNOWN
HEIRS OR NEXT OF KIN OF WILLIAM DANIEL TEAL, JR., AND B. T. HILL,
GUARDIAN AD LITEM OF CORA BARNES AND ALL UNKNOWN HEIRS AND
NEXT OF KIN OF WILLIAM DANIEL TEAL, JR.

(Filed 27 April, 1960.)

**1. Process § 9—**

Notice by publication must set forth the names of those defendants
who are known, and notice to all "unknown heirs or next of kin" of
the deceased is insufficient when there are heirs or next of kin whose
names are known, since notice by publication is not only to alert the
individuals named, but also their friends and acquaintances who may
see the publication and give them actual notice.

**2. Parties § 5—**

Heirs who are *sui juris* are not represented by a guardian *ad litem*
for all unknown heirs of the deceased, the guardian having expressly
denied his authority to represent the competent heirs *sui juris*.

**3. Process § 9—**

Service by publication is in derogation of the common law and strict
compliance with the statute is required.

**4. Courts § 2—**

A judgment against a defendant who is not brought into court in some
way sanctioned by law and who does not make a voluntary appearance
is void for want of jurisdiction.

**5. Courts § 2:    Descent and Distribution § 10—**

Where the court has not acquired jurisdiction over the persons of the
next of kin of a decedent it may not adjudicate that such next of kin
are not entitled to inherit because the decedent had been adopted (Chap-
ter 813, S.L. 1955) and that therefore notice and service as to them was
not required, since the next of kin have a right to be heard before the
court decrees that they are precluded from sharing in the estate of their
kinsman who died intestate.

APPEAL by the petitioner and by B. T. Hill, Guardian *Ad Litem,*
from *Phillips, J.,* November, 1959, Term, ANSON Superior Court.

This is a special proceeding under G.S. 28-160.1 to determine who
are the heirs and next of kin of William Daniel Teal, Jr., and en-
titled to share in the distribution of his estate. The petitioner alleges
it has for distribution personal property belonging to the estate and
"expects to receive substantial other properties from the Trustees
under the Will of W. D. Teal." The petition alleges in substance
that Joseph Laster Barnes, born December 10, 1922, was the illegi-
timate son of Cora Barnes who later married Lexie Barnes. In 1928,
by order of adoption entered in the Superior Court of Durham Coun-

ty, W. D. Teal adopted Joseph Laster Barnes, *without right of inheritance,* and had his name changed to William Daniel Teal, Jr. On December 8, 1943, William Daniel Teal, Jr., was adjudged an incompetent and so continued until his death intestate on July 28, 1957. He was never married. The whereabouts of Cora Barnes and husband, Lexie Barnes is unknown, "and in so far as the plaintiff knows, William Daniel Teal, Jr., left no other heirs at law or next of kin."

Summons was issued for Cora Barnes and husband, Lexie Barnes, and all unknown heirs or next of kin of William Daniel Teal, Jr. The process was directed to the Sheriff of Anson County who returned, "Cora Barnes and husband, Lexie Barnes are not to be found in Anson County or the State of North Carolina." Upon affidavit the Clerk entered an order that service be made by publication. Notice was published for four successive weeks in the Anson Record: "To Cora Barnes and husband, Lexie Barnes, and all unknown heirs or next of kin of William Daniel Teal, Jr. (formerly Joseph Laster Barnes)." The notice stated the purpose of the proceeding.

B. T. Hill, (guardian *ad litem*) for Cora Barnes, Lexie Barnes and all unknown heirs or next of kin of William Daniel Teal, Jr., answered *per se* the petition, alleging that William Daniel Teal, Jr., was survived by other heirs and next of kin, and that his next of kin by blood are entitled to his properties. "That if either Cora Barnes, Lexie Barnes, or other heirs or next of kin of said William Daniel Teal, Jr., are alive and more than 21 years of age he would have no authority to act as Guardian *ad Litem* for such persons."

Based on the amended answer of Wayne Teal, whose interests are adverse to the blood kin of William Daniel Teal, Jr., the clerk superior court made, among others, the following findings:

"3. That while the evidence is not conclusive, it appears that Cora Faulks (Fawks) Barnes gave birth to children other than William Daniel Teal, Jr., that the best information which has been obtainable she was the mother of these children, viz: Beulah Land Barnes, Mary Ann Barnes, Lexie London Barnes, Jr., and Cora Barnes; that it appears that Cora Faulks (Fawks) Barnes is also the mother of a Mrs. M. R. Gill, who might be the same person as one of those whose names are listed above; that it also appears that Cora Faulks (Fawks) Barnes has a living sister named Lula Mae Faulks (Fawks); that all of said children and Lula Mae Faulks (Fawks) are more than twenty-one (21) years of age, and that there is no evidence or sugges-

tion before the Court that there are any other natural next of kin or heirs at law of William Daniel Teal, Jr."

The clerk adjudged that the next of kin by blood, Cora Barnes and the others named in paragraph 3 above quoted, are precluded from sharing in the estate of William Daniel Teal, Jr., by reason of Ch. 813, Session Laws of 1955. From the judgment of the clerk superior court, the petitioner and the guardian *ad litem* appealed to the Judge Superior Court in Term. After hearing, Judge Phillips entered judgment affirming the order of the clerk. Thus the controversy involves the effect of the adoption proceeding and Ch. 813, Session Laws of 1955. From the order entered by Judge Phillips, both the petitioner and the guardian *ad litem* appealed.

*Taylor, Kitchin & Taylor for petitioner, appellant.*

*B. T. Hill, Guardian Ad Litem of Cora Barnes and all unknown heirs and next of kin of William Daniel Teal, Jr., appellant.*

*T. L. Caudle, T. L. Caudle, Jr., for respondent Olivette Teal Jordan, appellee.*

*Arthur Vann, Claude V. Jones for respondent, Wayne Teal, appellee.*

HIGGINS, J.   Many thousands of dollars are involved in this proceeding. While this fact does not change applicable principles of law, nevertheless it does increase the likelihood that the surviving blood kin of William Daniel Teal, Jr., may eventually present themselves and claim as successors to his interest. This proceeding should not be concluded until they are legally before the court. Presented, therefore, is the question whether publication of the notice to Cora Barnes and husband, Lexie Barnes, and all unknown heirs and next of kin of William Daniel Teal, Jr., (formerly Joseph Laster Barnes) was legally sufficient to bring them before the court. In holding the notice sufficient, the clerk had before him the evidence upon which his finding of fact No. 3 is based. With information and notice that Beulah Land Barnes, Mary Ann Barnes, Lexie London Barnes, Jr., Cora Barnes, and Mrs. M. R. Gill are next of kin by blood (and assuming service by publication is proper) yet the notice should be directed to them as named individuals. Notice merely to known and unknown heirs is insufficient if more definite identification is available. The guardian *ad litem* does not purport to answer for these named individuals. Service by publication is in derogation of the common law and strict compliance is required. *Board of Commissioners v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144. "It is the universal holding

that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance, . . . a judgment rendered against him is void for want of jurisdiction." *Jones v. Jones,* 243 N.C. 557, 91 S.E. 2d 562.

The purpose of giving notice by publication is not only to alert the individuals named, but also their friends and acquaintances who may see the publication and give them actual notice. The court proceeded by holding that Ch. 813, Session Laws of 1955, deprived the blood kin of all right to share in an adopted person's estate; therefore, having no interest, notice was not required. However, before the court decides this question, the known persons who may claim an interest must be given such notice and opportunity to be heard as the facts permit and the law requires.

The guardian *ad litem* asserts in his answer the blood kin are the lawful heirs and distributees. The order of adoption entered in 1928 contains a qualification that the adoption is without right of inheritance. The effect of this provision is not now before us. Its effect should not be decided until all interested parties are before the court. *Bennett v. Cain,* 248 N.C. 428, 103 S.E. 2d 510. "No matter how laudable the purpose of the parties to the action, no judicial declaration should be made which could have no binding effect but which might seriously cloud and interfere with such rights as the Odums may have." *Britt v. Children's Homes,* 249 N.C. 409, 106 S.E. 2d 474. "Whenever, as here, a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court." *Morganton v. Hutton,* 247 N. C. 666, 101 S.E. 2d 679. "Absent heirs are not bound by the judgment in a cause to which they are not parties. Our procedure requires that they be brought in and given an opportunity to be heard." *Oxendine v. Lewis,* 251 N.C. 702, 111 S.E. 2d 870. "All persons having an interest in the controversy must be parties, to the end that they may be concluded by the judgment, and the controversy be finally adjudicated as in the case of an action instituted in the usual way." *Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491.

Next of kin have a right to be heard before the court decrees they are precluded from sharing in the estate of their next of kin who dies intestate. We go no further than to say that they have the right to be heard and are entitled to such notice of the hearing as the law provides. This may be by proper publication in the event personal service cannot be had. *Ferguson v. Price,* 206 N.C. 37, 173 S.E. 1.

For the reasons assigned, the case is remanded to the Superior Court of Anson County for the service of notice of this proceeding on those whose names are known.

Remanded for additional parties.