SUTTON v. DAVENPORT AND SUTTON v. WILLIAMS.

DORIS BAKER SUTTON AND HUSBAND, LEON SUTTON v. J. R. DAVENPORT AND HIS WIFE, SYBIL S. DAVENPORT AND F. E. WALLACE, SR., TRUSTEE FOR THE UNIVERSITY OF NORTH CAROLINA
AND
DORIS BAKER SUTTON AND HUSBAND, LEON SUTTON v. J. KEITH WILLIAMS AND HIS WIFE, LOUISE L. WILLIAMS AND F. E. WALLACE, SR., TRUSTEE FOR THE UNIVERSITY OF NORTH CAROLINA.

(Filed 31 October 1962.)

1. Judgments § 38—

A motion to dismiss on the ground of the bar of a prior judgment, which motion alleges the facts constituting the basis of the estoppel, may be treated as an answer, which is the proper procedure to raise such plea, and the parties may consent that the judge find the facts upon the plea prior to trial on the merits.

2. Constitutional Law § 24; Judgments § 1—

No valid judgment can be entered disposing of one's property unless he has been given notice of the action seeking to accomplish that purpose and has been afforded an opportunity to assert his defense. Art. I, § 17, Constitution of North Carolina.

3. Process § 9—

Service by publication upon "any and all unknown heirs" of a deceased widow and all other persons having any interest in her estate, held insufficient to give the court jurisdiction of persons claiming as heirs of the deceased husband of the widow.

APPEAL by petitioners from Bundy, J., February 1962 Civil Term of LENOIR.

Doris Baker Sutton and husband instituted two special proceedings. The petition in each proceeding alleges: Feme petitioner is the owner

of an undivided 1/42nd interest in the land there described; the defendants Davenport, as to the land described in the petition in that proceeding, and the defendants Williams, as to the lands described in that proceeding, are the owners of the remaining 41/42nds; the interest of each defendant cotenant is subject to a deed of trust to defendant Wallace securing an indebtedness to the University of North Carolina. Petitioner and her cotenants trace their respective titles to John Baker. Actual partition is sought.

Defendants, relying on G.S. 1-108, filed motions to dismiss. To support their motions they alleged facts which are, in substance, pleas of estoppel resulting from a judgment rendered by the Superior Court of Lenoir County in an action by *Theresa Baker Drake et al. v. University of North Carolina et al.*

The special proceedings were by consent consolidated. The clerk heard evidence in support of the motions. He made findings on which he concluded he was "without jurisdiction to hear and determine the claims of the petitioners, if any they have, in the lands involved in the respective petitions for partition." He dismissed the proceedings. Petitioners appealed to the judge in term.

Judge Bundy affirmed the clerk's findings of fact and legal conclusions. He remanded the proceedings to the clerk with directions to dismiss the proceedings at petitioners' cost.

Petitioners appealed to this court.

*Fred W. Harrison for petitioner appellants.*

*LaRoque & Allen, Wallace & Wallace, and Geo. B. Greene for defendant appellees.*

RODMAN, J. The proper way to present the question of estoppel is by answer setting out the facts, not by motion to dismiss for want of jurisdiction. *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125. When, as here, facts are pleaded to estop a party from asserting a right, the sufficiency of the plea cannot be determined before the evidence supporting the plea is offered. *Reid v. Holden, supra; Ransom v. Robinson*, 249 N.C. 634, 107 S.E. 2d 87.

Here the parties apparently treated the "motion to dismiss" as an answer and at least tacitly consented to a determination of the effect of that plea prior to a trial on the merits. That procedure was permissible. *Gillikin v. Gillikin*, 248 N.C. 710, 104 S.E. 2d 861; *Jones v. Mathis*, 254 N.C. 421, 119 S.E. 2d 200.

The question for decision then is: Are the facts alleged and found sufficient to sustain the plea of *res judicata*? Defendants attach to their motion copies of the pleadings, affidavits to obtain orders directing service of process by publication and appointment of a guardian

*ad litem,* order directing publication, copy of the published notice of summons, consent judgment which directs a sale for partition, and decree confirming the sales. All these papers are captioned as follows: "*THERESA BAKER DRAKE, Fannie T. Baker Smith, Lennie Doris Baker Hutchinson, and Ruth Baker Harris v. THE UNIVERSITY OF NORTH CAROLINA (a body politic and corporate), and John S. Davis, Clerk of Superior Court of Lenoir County, and Elijah J. Baker; and any and all unknown heirs of Annie T. Baker, deceased, whether in being or not in being or under disabilities, and all other persons who might in any contingency be or become interested in the lands and estate of the said Annie T. Baker, deceased.*" (Emphasis supplied.)

In the action pleaded as an estoppel plaintiffs alleged they had, with the other heirs of John D. Baker, executed a deed to his widow, Annie; the deed was void as to them because they were married and their husbands had not consented to the conveyance; the widow died leaving no heirs; her property escheated to the University; plaintiffs sought to be adjudged cotenants with the University and adjudged the owners of an undivided 4/36ths interest in the lands conveyed to Annie T. Baker.

By consent a jury trial was waived. The court, based on the pleadings and the admissions of the parties, found: The heirs of John D. Baker were four named living brothers, a sister, and six named children of James Baker, a deceased brother. The named six did not include plaintiffs' ancestor, James Baker, Jr. No reference is made to him.

The court thereupon by consent adjudged plaintiffs owned 3/36ths interest in the property in controversy. The University owned the remainder. It directed a sale for partition. This judgment was consented to by the plaintiffs in person, by their counsel, by counsel for the University, by the defendant Elijah J. Baker, by his attorneys, and by the guardian *ad litem*. No one purported to speak for the petitioner, Doris Baker Sutton, unless she was included in the class for whom the guardian *ad litem* had authority to speak. His authority was limited to those bound by the decree as declared by the court, namely: "any and all unknown heirs of Annie T. Baker, deceased, whether in being or not in being or under disabilities, and all other persons who might in any contingency be or become interested in the lands and estate of the said Annie T. Baker, deceased, have been properly made parties to this action and duly served with process in the manner by law provided. . ."

Pursuant to the consent judgment the lands were sold and the sales confirmed. Specific parts were conveyed to the defendants Davenport and to the defendants Williams.

Every notice, pleading, and order referred only to those who might claim as heirs at law of Annie T. Baker. This reference does not apply to petitioner. She does not assert any right derived from Annie T. Baker. Annie T. Baker asserted her title by virtue of a deed from some of the heirs of John D. Baker. Petitioner asserts her title as another heir of John D. Baker. If there was any conflict of interest between petitioner and Annie T. Baker, it was only because Annie claimed more than she purchased. Nowhere in that record is there any suggestion that the parties intended to litigate a conflict of interest between Annie T. Baker's estate and the petitioner, Doris B. Sutton.

No valid judgment can be entered disposing of one's property unless he has been given notice of the action seeking to accomplish that purpose and has been afforded an opportunity to assert his defense. *Bank v. Jordan,* 252 N.C. 419, 114 S.E. 2d 82; *Barnes v. Dortch,* 245 N.C. 369, 95 S.E. 2d 872; *Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491; *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138; *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144; *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Ferguson v. Price,* 206 N.C. 37, 173 S.E. 1; *S. v. Collins,* 169 N.C. 323, 84 S.E. 1049.

The notice must be such as is reasonably calculated to apprise an interested party that his rights may be adversely affected. Mr. Justice Jackson, writing in *Mullane v. Central Hanover B. & T. Co.,* 339 U.S. 306, 94 L. ed. 865, said: "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." HIGGINS, J., expressed the same thought in this language: "The purpose of giving notice by publication is not only to alert the individuals named, but also their friends and acquaintances who may see the publication and give them actual notice." *Bank v. Jordan, supra.*

G.S. 1-108, relied on by defendant, has no application to the factual situation here considered. By express language that section relates only to "the defendant against whom publication is ordered." To give the statute an interpretation contrary to its express language, binding on one not within the class named in the order of publication, would render it void as violative of our constitutional provision, Art. I, sec. 17, N. C. Constitution.

The sole defense presented is not sufficient to deprive petitioner of any property rights she may have. The judgment must be reversed, but defendants may apply to the court upon remand for permission to amend their pleadings so as to assert other defenses, if any they may have, to defeat the claim asserted by petitioners.

Reversed.